**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristi Bray, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Maxwell & Morgan PC, an Arizona professional corporation, et al.,<br><br>　　　　　Defendants. | No. CV-17-00486-PHX-DGC<br><br>**ORDER** |

Plaintiff Kristi Bray has filed a motion for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), A.R.S. § 33-420(c), and Defendants' offer of judgment. Doc. 27. The motion is fully briefed, and no party has requested oral argument. Docs. 29, 31. The Court will grant the motion in part and award Plaintiff fees in the amount of $11,009.75.

**I.　Background.**

Bray filed this case in February 2017 alleging that Defendant Maxwell & Morgan, P.C. ("M&M") and two of its attorneys violated the Fair Debt Collection Practices Act ("FDCPA") and an Arizona wrongful lien statute, A.R.S. § 33-420(C), in attempting to collect payment from Bray on behalf of a homeowner's association. Doc. 1. Defendants made two offers of judgment under Rule 68, and Plaintiff accepted the second offer on August, 1, 2017. Doc. 24. Pursuant to the offer of judgment, Plaintiff is entitled to damages of $2,566.98, release of the lien from her property, and "all attorneys' fees and costs that were reasonably incurred by Plaintiff through the date of acceptance of the

offer in connection with this case." Doc. 24-1 at 3. After judgment was entered, the parties were unable to agree on a reasonable amount of fees. *See* Doc. 27 at 12. Plaintiff therefore filed this motion, requesting a fee award of $16,232.50. Doc. 27. Plaintiff's motion is supported by affidavits from lead counsel Jonathan Dessaules and local attorney Kevin Harper, as well as a 2016 Economics in Law Practice in Arizona report. *See* Doc. 27 at 14-17, 30-31, 33. Plaintiff also submits her engagement agreement with counsel and counsel's task-based itemized statement of fees. *Id.* at 19-28.

## II. Legal Standard.

A party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. *See* LRCiv 54.2(c). Defendants' offer of judgment provides for attorneys' fees. *See* Doc. 24-1. Additionally, pursuant to both the FDCPA and state law, Plaintiff is entitled to reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(3); A.R.S. § 33-420(C); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."). Defendants do not dispute that Plaintiff is entitled to attorneys' fees, but contend that the hourly rates sought by Plaintiff's attorneys are too high and the amount of time for which they seek compensation should be reduced. Doc. 29.

To determine the reasonableness of requested attorneys' fees, federal courts generally use the "lodestar" method. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). The Court must first determine the initial lodestar figure by taking a reasonable hourly rate and multiplying it by the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433. In determining whether the hourly rate or hours expended are reasonable, the Court should consider the *Kerr* factors that have been subsumed within the initial lodestar calculation. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Cunningham v. City of L.A.*, 879 F.2d 481, 487 (9th Cir. 1988). These factors are: "(1) the novelty and complexity of the issues, (2) the special

skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 n.6 (9th Cir. 1987).

**III. Analysis.**

Plaintiff was represented in this action by attorneys Jonathan Dessaules and Douglas Wigley. Mr. Dessaules spent 4.7 hours on the litigation at the rate of $325 per hour, which equates to $1,527.50. Mr. Wigley's total fee is $14,600, based on the 58.4 hours he worked on the case at the hourly rate of $250. Counsel also employed a paralegal, Jenna Pitchel, who spent 1.4 hours on the litigation at the rate of $75 per hour, which equates to $105. Counsel avow that the time spent was necessary to the successful outcome of the litigation, and that they made every effort to avoid duplicative work, including striking certain time entries. Doc. 27 at 16. Counsel began working on this case in September 2016, filed the complaint in February 2017, and accepted the second offer of judgment in August 2017. *See* Doc. 27 at 25-28. The judgment awards Plaintiff her actual damages, maximum statutory damages, and the injunctive relief she sought.

**A. Hourly Rates.**

Reasonable hourly rates are not determined by the rates actually charged in a case, but "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). Mr. Dessaules and Mr. Wigley have been practicing law for approximately 20 and 8 years respectively. Doc. 27 at 3. Plaintiff submits an affidavit from Mr. Dessaules avowing that their respective rates of $325 and $250 are reasonable for attorneys of comparable skill, experience, and reputation in the community. Doc. 27 at 15. Plaintiff's counsel states that the rates are particularly reasonable in light of the contingent nature of their arrangement with Plaintiff and the associated risk. *Id.* Plaintiff also submits an affidavit from a local attorney who is familiar with Mr. Dessaules's work and prevailing rates in the community, averring that $325 is a reasonable rate for Mr. Dessaules. *Id.* at 30-31. Finally, Plaintiff submits her engagement agreement, which contains these rates, and a 2016 Economics of Law

Practice in Arizona report, which lists a mean hourly rate of $288 and a median of $299 for the "litigation/civil practice: plaintiff" category. Doc. 27 at 19-23, 33.

Defendants assert that the hourly rates charged by Mr. Dessaules and Mr. Wigley are out of line with those prevailing in the community for attorneys of comparable skill and reputation. Doc. 29 at 13. Defendants rely on the $288 mean rate contained in the 2016 report and argue that there is "no basis for awarding Mr. Dessaules more than the mean rate," and "a seventh year associate [Mr. Wigley] should charge much less than the average of all plaintiffs' attorneys in the state." Doc. 29 at 14. Defendants argue that their rates should be reduced to $288 and $200 respectively. *Id.*

The parties cite various competing cases, including two cases from this Court involving fee requests from Mr. Dessaules and Mr. Wigley. *Compare Easter v. Maxwell & Morgan P.C.*, No. 16-CV-00192-PHX-SRB, Doc. 33 at 2-5 (D. Ariz. Feb. 24, 2017) (finding the respective rates of $325 and $250 for Mr. Dessaules and Mr. Wigley to be reasonable in a similar FDCPA action), *with Ryan v. Am. Inst. of Tech., Inc.*, No. 2:10-CV-00979 JWS, 2011 WL 995940, at *2 (D. Ariz. Mar. 21, 2011) (finding that a combined average hourly rate of $200 for Mr. Dessaules, Mr. Wigley, a paralegal, and a legal assistant was reasonable in an FLSA collective action). Plaintiff has adequately supported her assertion that the rates of $325 and $250 are reasonable in the community based on counsel's skill, experience, and reputation. An attorney with 20 years of experience could reasonably charge a rate higher than the average, and Defendants provide no evidence to support their assertion that an attorney with eight years of experience must charge well below the average. Other than Defendants' bare assertions that the rates are unreasonable and unexplained proposed reductions, Defendants have presented no evidence tending to show that the rates are unreasonable.

**B.    Compensable Hours.**

Defendants argue that the hours spent on various tasks are excessive. First, they assert that 43.4 hours to investigate, research, and prepare the complaint is unreasonable because Plaintiff's attorneys have filed substantially similar complaints against M&M in

the past and this complaint was simply a form. Doc. 29 at 8-11. Defendants submit complaints filed by Plaintiff's counsel in three previous cases which allege similar violations of the FDCPA. Doc. 29-1 at 14-110. In one case, Judge Bolton found that 24 hours to prepare the complaint was excessive, and a 75% reduction was appropriate. *Easter*, No. 16-CV-00192-PHX-SRB, Doc. 33 at 5-6 (D. Ariz. Feb. 24, 2017). Defendants also cite a case that held that an experienced attorney should spend between 2 and 5 hours researching and drafting an FDCPA complaint. *See St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010). Defendants seek an 85% reduction, which would bring the compensable hours spent on the complaint to 6.54. Doc. 29 at 10.

Plaintiff responds that although certain generic portions of the complaint were recycled, "the vast majority" were new and case-specific. Doc. 31 at 2. Plaintiff also explains that much of counsel's time was spent investigating the factual history of Plaintiff's situation in order to determine the appropriate course of action, as opposed to drafting the complaint. *Id.* at 2-3. Plaintiff asserts that in prior cases, M&M has argued that complaints were insufficient for failure to plead specific theories. *Id.* at 2. Plaintiff's counsel, therefore, spent the necessary time to draft a detailed complaint in anticipation of this attack. *Id.* This case also involved state law claims and additional defendants, unlike the previous cases. *Id.* at 2-3.

The Court has reviewed the complaints and finds that while much of the language is substantially similar, there are unique portions. None of the prior cases involved the state law claims at issue in this case. The factual circumstances are also unique. And Defendants have presented no evidence to refute Plaintiff's claim that her attorneys had to expend significant time investigating whether Plaintiff owed money and the amount, and creating a timeline of Defendants' transactions and communications with Plaintiff before they could determine the appropriate course of action or begin drafting. Neither party has identified the specific amount of time spent investigating versus drafting the complaint. The Court's review of the time entries reveals that on October 14, 2016, Mr.

Wigley began drafting the complaint. Doc. 27 at 25. At that point, Mr. Wigley and Mr. Dessaules had already spent 14.1 hours on pre-drafting investigation and strategizing. The Court finds that, even considering the state law claims and additional defendants involved in this case, it was excessive to spend an additional 29.3 hours to draft the complaint. The Court will reduce the compensable hours for drafting the complaint to 10 hours. This amounts to a total of 24.1 compensable hours, or $6,154.75, for investigating, researching, and drafting the complaint.[1]

Next, Defendants assert that it is unreasonable to spend 4.8 hours preparing a joint case management plan and attending a scheduling conference, 4.4 hours preparing initial disclosures, 2.4 hours preparing a settlement demand, 3.6 hours reviewing two offers of judgment, and 2.6 hours preparing a proposed amended complaint with only "simple changes." Doc. 29 at 11-13. The Court agrees that 4.8 hours to prepare a routine joint case management plan and attend a 20-minute scheduling conference is excessive. The Court will reduce the compensable hours for preparing the joint case management plan and attending the conference to 3 hours. As to the remaining hours, the Court finds that Plaintiff has shown they were reasonably expended. Plaintiff's initial disclosures were extensive, including 400 pages of documents to refute Defendants' denial that they are debt collectors. Doc. 31 at 3. Plaintiff asserts that the amended complaint added a new defendant and two causes of action, and that the amended complaint drove Defendants to make the second offer of judgment. *Id.* at 4. Plaintiff's counsel successfully litigated this case to achieve the maximum relief Plaintiff was seeking. Defendants cannot second guess the reasonable strategies counsel adopted in order to achieve these results. The Court finds that, with the exception of the 29.3 hours spent drafting the complaint and the 4.8 hours spent preparing the joint case management plan, the hours expended were

---

[1] The breakdown of the 43.4 hours between Mr. Dessaules, Mr. Wigley, and Ms. Pitchel is 4.3, 37.7, and 1.4 respectively. Doc. 27 at 25-26. After reducing the hours spent drafting the complaint (beginning with Mr. Wigley's entry on October 14) proportionately among Mr. Dessaules, Mr. Wigley, and Ms. Pitchel to equal 10 total hours, their respective compensable hours for investigating and drafting combined are 2.85, 20.77, and .48.

reasonable.  After considering Defendants' arguments and the *Kerr* factors, the Court concludes that the lodestar amount of $11,009.75 is an appropriate fee award.[2]

**IT IS ORDERED**:

1. Plaintiff's motion for attorneys' fees (Doc. 27) is **granted in part**. Plaintiff is awarded $11,009.75 in attorneys' fees.

2. The Clerk is directed to **terminate** this action.

Dated this 27th day of November, 2017.

_____
David G. Campbell
United States District Judge

---

[2] This figure is calculated based on 3.25 hours of Mr. Dessaules's time, 39.67 hours of Mr. Wigley's time, and .48 hours of Ms. Pitchel's time.